# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **SECURA INSURANCE COMPANY,** <br> **as subrogee of Robert and Jennifer Lydon,** <br><br> **Plaintiff,** <br> **v.** <br><br> **ELECTROLUX HOME PRODUCTS, INC.,** <br> **a Delaware corporation,** <br><br> **Defendant.** | Case Number: 3:26-cv-00611 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, Secura Insurance Company, as subrogee of Robert and Jennifer Lydon, by and through Cozen O'Connor, and for its Complaint against Electrolux Home Products, Inc., alleges as follows:

## PARTIES

1. Plaintiff Secura Insurance Company ("Plaintiff" or "Secura"), at all relevant times, is and was, a corporation licensed to issue policies of insurance in Wisconsin, with its principal place of business located at 1500 Mutual Way, Neenah, Wisconsin 54956.

2. At all times relevant, Plaintiff insured the real and personal property owned by Robert and Jennifer Lydon (the "Insureds"), located at 21457 Kapok Road, Sparta, Wisconsin 54656 (the "Subject Home").

3. At all times relevant, Defendant Electrolux Home Products, Inc. ("Defendant" or "Electrolux") is, and was, a Delaware corporation with its principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina 28262.

4.     At all times relevant, the Electrolux designed, manufactured, assembled, produced, marketed, distributed and sold the gas stove that is the subject of this action.

## JURISDICTION AND VENUE

5.     Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1332 because the parties are all citizens of different states and the amount in controversy exceeds $75,000.00.

6.     The Western District of Wisconsin is the appropriate venue for this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claim occurred in the County of Monroe, Wisconsin, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

7.     Some time prior to the Subject Fire, the Insureds purchased and installed a Frigidaire gas stove manufactured by Defendant Electrolux (the "Stove"), model number FGGH3047FVA.

8.     Electrolux developed, designed, manufactured, assembled, tested, sold and distributed consumer appliances,  including the Stove.

9.     On December 23, 2023, a fire originating from the Stove occurred at the Subject Property.

10.     The fire occurred due to inadvertent actuation of the Stove when one of the Insureds' pets actuated the Stove's control system.

11.     This incidental contact with one of the control knobs activated a burner which, in turn, ignited nearby combustible materials.

12.     The inadvertent actuation occurred due to a defect in the Stove's controls in that the controls allowed actuation without user intent in violation of applicable safety standards.

2

13. Specifically, the front-mounted control knobs for the burners on the Stove were prone to inadvertent activation by accidental contact by humans or pets under foreseeable circumstances.

14. The fire caused significant damage and destruction to the Subject Property and the personal property therein.

15. As a result of the Subject Fire, the Insureds suffered damages in excess of $600,000.

16. At all relevant times, Secura provided insurance to the Insureds for the Subject Property covering the Subject Property and its contents.

17. As a result of the Subject Fire, the Insureds presented an insurance claim to Plaintiff, Secura.

18. Pursuant to the terms of the insurance policy, Plaintiff Secura issued payments to the Insureds to cover the damages associated with the Subject Fire.

19. Secura is the bona fide contractual and equitable subrogee of the Insureds as it relates to this Loss and to the extent of payments made by Secura.

### COUNT I
**Negligence**

20. Plaintiff incorporates paragraphs one (1) through nineteen (19) above as though fully set forth herein.

21. Defendant Electrolux developed, designed, manufactured, assembled, labeled, tested, sold, and distributed the Stove.

22. As a designer, manufacturer, distributor and/or seller of a consumer product, Electrolux owes a duty to Plaintiff's insured to provide safe and quality products, and a duty to provide a product that would perform as it was intended and expected.

3

23. Electrolux breached its duty to exercise due care to Plaintiff's Insureds by:

    a. Failing to exercise reasonable care to prevent the Stove from creating an unreasonable risk of harm to the property of Plaintiff's Insureds;

    b. Failing to design the Stove in accordance with applicable codes and industry standards;

    c. Its failure to include adequate instructions and warnings for the safe and proper use of the Stove.

24. As a direct and proximate result of Electrolux's negligence, the Insureds sustained damages to the Subject Home and their personal property therein.

25. As a direct and proximate result of the failure of the Stove and resulting fire, Plaintiff incurred damages and losses in amounts to be proven at the time of trial.

26. Plaintiff has suffered damages in the amounts it paid to remediate property damage caused from fire, smoke and water and replace damaged personal property.

WHEREFORE, Plaintiff, Secura Insurance Company, as subrogee of Robert and Jennifer Lydon, respectfully requests that this court enter judgment in its favor and against Defendant, Electrolux Home Products, Inc., for an amount certain in excess of $750,000, and other relief this court finds equitable and just.

## COUNT II
### Strict Liability – Design Defect

27. Plaintiff incorporates paragraphs one (1) through nineteen (19) above as though fully set forth herein.

28. Defendant Electrolux designed, manufactured, assembled, labeled, tested, sold, and distributed the defective Stove to consumers, including Plaintiff's Insureds.

29. Electrolux was engaged in the business of selling such Stoves for use by property owners such as the Insureds.

4

30.     The Stove was defective in its design and, because of the defect, it was unreasonably dangerous to the Subject Property, which might reasonably be expected to be affected and damaged by the Stove.

31.     Consumers reasonably expect that Stoves can only be actuated by intentional and deliberate action and would not anticipate that inadvertent contact with a Stove's burner controls by pets will actuate the Stove; however, because of the defect, inadvertent contact with the burner controls has resulted, and did in this case result, in unintended actuation of the Stove.

32.     The Stove was defective at the time it was sold by, or left Defendant's custody and control.

33.     Because of the defect, each knob actuates the Stove through a single motion requiring minimal depression, as opposed to a two-step push-and-turn motion. Plaintiff alleges that this is a defect in the design, or alternatively, a manufacturing defect wherein the Stoves differ uniformly from the manufacturer's intended result or design. The Stove does not conform to industry standards or a reasonable consumer's expectation because the knobs are susceptible to unintentional actuation rendering the Stove dangerously defective.

34.     The Stove was expected to, and did, reach the Insureds without substantial change in the condition in which it was sold.

35.     As a direct and proximate result of the defect contained with the Stove, Plaintiff's insured incurred damages and losses in amounts to be proven at the time of trial.

36.     Plaintiff has suffered actual damages in the amounts it paid to remediate property damage caused from fire, smoke and water and replace damaged personal property.

5

WHEREFORE, Plaintiff, Secura Insurance Company, as subrogee of Robert and Jennifer Lydon, respectfully requests that this court enter judgment in its favor and against Defendant, Electrolux Home Products, Inc., for an amount certain in excess of $750,000, and other relief this court finds equitable and just.

Respectfully submitted,

Plaintiff, Secura Insurance Company,
as subrogee of Robert and Jennifer Lydon

Dated: July 1, 2026

By: */S/ Jonathan M. Levy*

Jonathan M. Levy (WI #1127169)
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
jlevy@cozen.com
Phone: 312-474-1637
Fax: 312-878-2012
*Attorney for Plaintiff*